UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Frazier, #219272, <br> *a/k/a Willie Bernard Frazier,* <br><br>                 Petitioner, <br><br> vs. <br><br> Warden McCall, <br><br>                 Respondent. | ) C/A No. 4:12-2712-MGL-TER <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) <br> ) |

      Petitioner Willie Frazier, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief.[1] Petitioner is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Petitioner has filed two previous § 2254 petitions in this Court challenging the conviction and sentence challenged herein; these petitions were dismissed as untimely and successive. *See* C/A No. 4:12-112-MGL-TER and C/A No. 4: 9-302-JFA-TER. The instant Petition is therefore successive, and is presented without an order from the Fourth Circuit Court of Appeals authorizing this Court to consider a successive petition. This Petition is therefore subject to summary dismissal.

Standard of Review

      Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: *Denton*

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).  This Court is required to construe *pro se* petitions liberally.  Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  Even under this less stringent standard, however, the Petition submitted in the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background and Discussion

Petitioner was sentenced to life without parole June 27, 1998 after a guilty verdict on armed robbery and burglary charges.  Petitioner has pursued both a direct appeal and an application for post-conviction relief (PCR) in state court.  C/A No. 4:09-302-JFA-TER, ECF No. 31 at 2-3.  This is the third time Petitioner has challenged this 1998 conviction in a § 2254 petition.  In the instant Petition, he asks that this Court cause a 1995 "youthful offender" conviction to be expunged from state court records.  He believes this would then allow him to obtain a new trial on the 1998 conviction for which he is currently incarcerated, and which is in fact the gravamen of the Petition.  Petitioner's prayer for relief reads in its entirety: "Expunge youthful offender conviction, to have life sentence vacated and new trial."  ECF No. 1 at 14.

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).  Although it appears that Petitioner attempted to exhaust his state court remedies, his Petition is successive.

As noted above, Petitioner has filed two prior § 2254 habeas corpus actions in this Court. This Court may take judicial notice of Petitioner's prior § 2254 cases. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

As to the first challenge to this conviction and sentence, the Report and Recommendation entered October 21, 2009 granted Respondent's summary judgment motion in C/A No. 4:09-302-JFA-TER, the undersigned recommending that the case be dismissed as untimely.  C/A No. 4:09-302-JFA-TER, ECF No. 31.  The District Judge adopted the magistrate's Report and Recommendation in an Order dated March 10, 2010.  C/A No. 4:09-302-JFA-TER, ECF No. 38. As to the second challenge, in the Report and Recommendation entered July 11, 2012, the undersigned recommended dismissal of that Amended Petition as successive.  C/A No. 4:12-112-MGL-TER, ECF No. 45.  An order in that case is still pending.

This Court does not address the merits of Petitioner's arguments at this time, as this Petition is successive and therefore cannot be entertained without leave from the Fourth Circuit.

Regardless of whether these particular grounds for relief have been presented before, they

cannot be presented in this successive Petition. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[2] Petitioner has presented no facts that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive'". *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002)(dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive)(abrogated on other grounds, *Skinner v. Switzer*, 131 S.Ct. 1289 (2011). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," the previous petition was dismissed as untimely. The guiding distinction in determining whether a dismissal is "on the merits" is whether federal habeas review at a later date is precluded. *Harvey*, 278 at 380. A dismissal on timeliness grounds precludes later review, whereas a dismissal on exhaustion grounds does not.

---

[2] An exception applies if:
28 U.S.C. § 2244(b)(2)(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

As a result, the § 2254 Petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules.[3]  *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985).  *See also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214;  *Bennett v. Angelone*, 92 F.3d  1336 (4th Cir. 1996).

<u>Conclusion</u>

Accordingly, it is recommended that the § 2254 Petition in the above-captioned case be dismissed *without prejudice* as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return.  See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that Petitioner's claims are either barred from review or without merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  **Petitioner's attention is directed to the notice on the following page.**

                                                       s/Thomas E. Rogers, III
                                                       Thomas E. Rogers, III
                                                       United States Magistrate Judge

November <u>29</u>, 2012
Florence, South Carolina

---

[3] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).