UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Frazier, #219272, )<br>a/k/a Willie Bernard Frazier, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden McCall, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 4:12-2712-MGL<br><br>**OPINION AND ORDER** |

  Petitioner Willie Frazier is an inmate in the custody of the South Carolina Department of Corrections. He currently is housed at Lee Correctional Institution in Bishopville, South Carolina. On September 20, 2012, Petitioner, appearing *pro se*, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and applicable precedents. The Magistrate Judge filed a Report and Recommendation on November 29, 2012. The Magistrate Judge noted that the within petition constitutes Petitioner's third federal habeas corpus action. In the instant petition, Petitioner asks the Court to cause a 1995 "youthful offender" conviction to be expunged from his state court records, to have his life sentence vacated and obtain a new trial. (ECF No. 1 at 14.) The Magistrate Judge recommended the petition be dismissed because Petitioner failed to obtain permission from the Court of Appeals for the Fourth Circuit to file a successive habeas corpus petition. *See* 28 U.S.C. § 2244(b) (3) & (4); Rule 9 of the Rules Governing Section 2254 Proceedings.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir.1982).

Petitioner filed objections to the Report and Recommendation on December 17, 2012, in which he continued to assert grounds for habeas relief. (ECF No. 23.) Petitioner failed, however, to direct the Court's attention to a specific error in the Magistrate Judge's proposed findings and recommendations. Nevertheless, the Court has conducted a *de novo* review of the petition and concludes that the Magistrate Judge has properly applied the applicable law.

The Court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The petition is **DISMISSED** without prejudice as a successive § 2254 petition. Respondent is not required to file a return.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 22, 2013